# PRICE,
## *Petitioner,*

*v.*

# ADULT AND FAMILY
# SERVICES DIVISION, et al
## *Respondents.*

## (No. 2-2601-MXA498-7, CA 12888)

600 P2d 918

L. Ramsay Weit, Legal Aid Service, Portland, argued the cause for petitioner. With him on the briefs was Robert Johnstone, Legal Aid Service, Portland.

James C. Rhodes, Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were James A. Redden, Attorney General, and Walter L. Barrie, Solicitor General, Salem.

Before Schwab, Chief Judge, and Richardson, and Roberts, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Petitioner, a recipient of Aid to Dependent Children (ADC), appeals an order of the Adult and Family Services Division (AFSD) which denied her request for payment for four psychotherapy sessions.

The parties filed a stipulation, including exhibits, in lieu of a record for review. The stipulation indicates that petitioner was hospitalized in July, 1977, for emotional problems. Upon her discharge she was referred by her physician to a psychologist for psychotherapy. On August 1, 1977, petitioner was interviewed by a psychologist who recommended psychotherapy for not more than ten sessions. On the same day the psychologist made a written request of AFSD to authorize payment for the therapy sessions. In conformance with AFSD rule 461-22-010, the request included a diagnosis, set out the treatment modality and described the objectives of the treatment.

The request was denied on August 18, 1977, with a notation on the request form, "no indication of child care problems." The psychologist was notified of the denial of payments on September 9, 1977. After the intake interview on August 1, 1977, petitioner had four therapy sessions with the psychologist on August 15, August 26, September 12 and September 19, 1977. Petitioner had two therapy sessions after denial of the request for authorization of the medical services.

Petitioner requested a hearing. Prior to the hearing petitioner's attorney requested an explanation of the denial and received a written response that denial of payment was pursuant to the agency's "Guide for Physicians Services Rule #416-14-021 [*sic* 461-14-021]." This rule is inapplicable to petitioner's request for payment because it only relates to in hospital psychotherapy and to limited services by a physician. Petitioner applied for authorization for medical services with a psychologist, which services are controlled by Rule 461-11-000, *et seq.*

[405]

Two hearings were conducted by a hearings officer of AFSD. In the first hearing the only explanation offered for the agency's denial of payment was the cryptic reference on the request form, *i.e.,* "no indication of child care problems," and the statement in the letter to petitioner's counsel that the payments were denied pursuant to Rule 416-14-021 (*sic;* 461-14-021). The hearings officer concluded this explanation was inadequate and remanded the claim to the agency for a more detailed explanation.

In response the manager of the Health Program and Policy Unit sent the following memorandum:

"* * * The denial of authorization for payment for psychotherapy in this instance, was done in accord with the guide material which provides authority to the Medical Assistance Section to provide prior authorization on all psychotherapy requests.

"The State Office is under no constraint to justify a decision of this nature. The payment is based entirely upon funds available. At the time the request was received, budget management was the responsibility of the State Office. Priorities had been established for approval of treatment, and this treatment was denied in accord with those priorities. Because these priorities are relevant only to the authorization process, they are not published.

"The reference to the child in the decision was merely to indicate that this decision was not based upon a child's problems, but rather on the problems of an adult. * * * "

In a supplemental order, the hearings officer made the finding of fact, based on the above quoted memorandum, that the payments were denied on the basis of nonavailability of funds and in accord with priorities established by the agency for approval of various forms of treatment. He ordered the agency to pay for the diagnostic intake interview but upheld denial of payment for the four therapy sessions.

A series of AFSD rules provide that ADC recipients are eligible to receive payment for treatment by a

psychologist, OAR 461-05-905, 461-13-000(2), 461-22-000, if funds are available and the treatment is determined to be medically necessary, OAR 461-05-907, 461-13-010.

ADC recipients are reimbursed for the cost of any diagnostic intake examination by a psychologist without prior agency approval, OAR 461-22-010(1). However, payment for ongoing psychotherapy requires prior authorization by the agency. OAR 461-22-010(3) provided:[1]

> "Psychotherapy, including psychological counseling, requires prior authorization of payment by the Division. Requests must be in writing and include diagnosis, treatment modality, and goals and objectives of the treatment. Approval of payment is usually given for no more than 15 hours of therapy for each request. * * * "

Petitioner argues OAR 461-22-01(3), insofar as it is used by the agency to deny medically necessary treatment to a recipient, is contrary to federal statutes and regulations respecting the federal Medicaid program. We have examined the statute and regulations cited by petitioner and conclude they do not prevent utilization of a prior authorization policy. The state in administering the program and the federal contributions is given broad authority to supervise the payment process. *E.g.*, 42 USC § 1396a(a)(30). The federal government has not preempted the right of the state to require prior authorization of medical assistance or to deny medically necessary benefits on other grounds such as unavailability of funds.

In her other three assignments of error petitioner contends: (1) there is not substantial evidence to support the hearings officer's conclusion the agency's denial was proper; (2) the agency's decision to the extent it is based on unpublished criteria, not promulgated as a rule, is invalid; and (3) the hearings officer's

---

[1] OAR 461-22-010 was amended after the agency's decision in this case. We quote the rule as it existed at the time the decision was made.

decision lacks substantial reasoning illustrating a nexus between the facts and conclusion.

AFSD argues the payments were denied because of lack of funds and the court has no authority to order AFSD to expend funds it does not have. AFSD also contends that petitioner, by seeking treatment without prior authorization, took the risk her request would be denied.

■ We first discuss the agency's claim that the request for payment can be denied because the medical treatment was received without prior authorization. A literal reading of OAR 461-22-010(3) would seem to support the agency's contention. However, we do not construe the rule to mean that petitioner assumes the risk of payment if she obtains the treatment prior to agency authorization. Having made the request for payment prior to receipt of any medical treatment, petitioner assumes the risk of payment for the treatment received only if the agency's denial of her request is proper. If it is subsequently determined the agency's denial of payment was improper, the agency will be required to make the payments for the treatments received subsequent to the request. If the agency's action is determined to be improper and the request for payment should be honored, the agency assumes no greater risk of expenditure of funds than if the petitioner had waited until the full appellate process had been completed before receiving the treatment. The risk that the agency's denial was proper is assumed by the petitioner or the treating doctor. We conclude the action of the agency in denying any payment is reviewable.

We next consider the agency's argument that the payments were denied because of lack of funds and that the court does not have authority to order expenditures of funds the agency does not have. This argument is based in part on our decision in *State ex rel Juv. Dept. v. L.,* 24 Or App 257, 546 P2d 153, *rev den* (1976). That case involved the question whether a

court could order Children's Services Division to provide necessary treatment at a facility in another state irrespective of budgetary limitations placed on the agency by the legislature. Childrens' Services Division had established that there were no funds available to provide the treatment and we concluded the court had no authority to order the agency to provide the service or to seek the necessary funds from the legislative Emergency Board.

In this case the hearings officer made a finding that the denial of payment was based on the unavailability of funds. This finding is not supported by the record. The memorandum from the manager of the Health Program and Policy Unit, quoted above, makes only a cryptic reference to budgetary limitations, *i.e.,* "[t]he payment is based entirely upon funds available." Every agency must function within the budget made available by legislative appropriations. The statement in the memorandum says only that the agency was acting within the constraints of its budget. There is no certification by the agency that funds are not available to provide the medical services petitioner requested.

If limited funds are available for this particular service, and the agency must allocate the funds based on some system of priorities, the allocation must be evenhanded and not arbitrary. The manager's memorandum discloses that priorities have been established for approval for this type of treatment, but those priorities are not published.

The agency's action in allocating the funds for treatment is reviewable to determine if it is proper. In order to properly review the agency's denial of payment it is necessary for the reviewing body, the hearings officer or the court, to be apprised of the criteria and the application of the criteria in a particular case. An agency cannot insulate its decision from review by declining to disclose the priorities it has established to deny or approve various forms of treatment.

[409]

The hearings officer concluded the denial was in accord with priorities established by the agency. While this statement may be basically true, it says nothing about the propriety of the priorities or whether they were properly applied in the case. The hearings officer merely accepted the agency's assertion that certain undisclosed priorities were applied. That finding, in effect, leaves to the agency the determination as to whether its action was proper.

■ The agency's explanation of the denial of petitioner's request is insufficient. It does not disclose the basis for the denial. The hearings officer's order is reversed insofar as it upheld denial of payment for the psychotherapy treatments, and the case is remanded with instructions to remand petitioner's claim to the agency for an adequate explanation of the action of the agency.

Reversed and remanded.

**SCHWAB, C. J.,** dissenting.

On August 1 petitioner requested AFSD to pay for her psychotherapy. Not even willing to wait for AFSD's response, she attended a therapy session on August 15. On August 18—which seems quite prompt to me—AFSD denied petitioner's request. Despite the denial, she proceeded to attend several therapy sessions over the next month. The question is whether AFSD has to pay for petitioner's psychotherapy.

OAR 461-22-010(3) unequivocally provides: "Psychotherapy * * * requires prior authorization of payment by [AFSD]."[1] I would hold that petitioner's claim is barred by her failure to obtain prior authorization.

---

[1] Petitioner makes no claim that OAR 461-22-010(3) is invalid—other than the claim of inconsistency with federal law that I think is properly rejected by the majority. Petitioner makes no claim that she faced an emergency need for psychiatric treatment, or that other AFSD regulations do not adequately provide for emergency situations.

The majority's contrary conclusion effectively repeals OAR 461-22-010(3). That rule requires a prior written request, specifies the detail that must be included, and requires prior authorization. If prior authorization is not essential, as the majority holds, it would seem to follow that even a prior request is not essential. There is nothing left of OAR 461-22-010(3).

The majority disregards the fundamental distinction between procedural rules and substantive rules. OAR 461-22-010(3) is a procedural rule. The majority apparently reasons that petitioner is excused from compliance with this applicable procedural rule because, under the applicable substantive rules, she may be entitled to AFSD payment for psychotherapy. However, in the judicial and administrative tribunals of this country claims are denied daily because not asserted in the procedurally proper manner. I doubt that the majority would say, for example, that a substantively meritorious claim is not really barred by the statute of limitations just because it was made too late.

Finally, the majority condones extra-legal self-help. When petitioner's request for payment for psychotherapy was first denied by AFSD, there was an available administrative remedy—to request a hearing to contest the denial. But she took matters into her own hands, continuing the psychotherapy she had started even before the initial AFSD denial. An analogy persuades me this should not be permitted. Suppose an agency wrongfully revokes a person's driver's license. Suppose the person can request an administrative hearing, but instead of doing so, he continues to drive. Would the majority say he could not be convicted of driving while suspended because the administrative action was erroneous?

I respectfully dissent.